NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KETRINA GORDON, individually and on behalf of all others similarly situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>TOOTSIE ROLL INDUSTRIES, INC.; DOES, 1 through 10, inclusive,<br><br>Defendants-Appellees. | No.  18-56315<br><br>D.C. No. 2:17-cv-02664-DSF-MRW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 12, 2020
Pasadena, California

Before:  BYBEE, COLLINS, and BRESS, Circuit Judges.

This is a putative class action challenging the amount of empty space, or

"slack fill," in certain Junior Mints and Sugar Babies candy boxes manufactured by

defendant Tootsie Roll Industries, Inc. ("Tootsie Roll").  After Tootsie Roll made

changes to the boxes during the litigation, plaintiff Ketrina Gordon ("Gordon")

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

withdrew her motion for class certification, declared her case moot, and sought attorneys' fees, maintaining that her lawsuit was a catalyst for Tootsie Roll's changes. The district court denied Gordon's motion for fees, dismissed the case, and awarded costs to Tootsie Roll. Gordon now appeals.

We have jurisdiction under 28 U.S.C. § 1291 and affirm. We review the denial of attorneys' fees and award of costs for abuse of discretion. *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016); *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir. 2002). We review underlying questions of law *de novo*. *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1061–62 (9th Cir. 2003).

1.      Gordon moved for attorneys' fees principally under California Code of Civil Procedure § 1021.5, which allows fees to a "successful party" "in any action which has resulted in the enforcement of an important right affecting the public interest." To be eligible for fees under this statute, California law does not require a "judicially recognized change in the legal relationship between the parties." *Tipton-Whittingham v. City of Los Angeles*, 101 P.3d 174, 177 (Cal. 2004) (quotation marks omitted). Instead, California also allows attorneys' fees to be granted under the "catalyst theory." *Id.*

Under that theory, a plaintiff must establish various elements, including that "the lawsuit was a catalyst motivating the defendants to provide the primary relief sought." *Id.* To meet this element, "a plaintiff must establish the precise

2

factual/legal condition that [she] sought to change or affect." *Graham v. DaimlerChrysler Corp.*, 101 P.3d 140, 155 (Cal. 2004) (quotation marks omitted). We agree with the district court that Gordon has not established that the changes Tootsie Roll made to its candy boxes were the primary relief Gordon sought.

During the litigation, and as relevant here, Tootsie Roll (1) added an "ACTUAL SIZE" label under the candy illustrations on the front of the box, (2) added a piece count to the front of the box, and (3) moved the disclaimer "PRODUCTS SOLD BY NET WEIGHT NOT VOLUME. CONTENTS TEND TO SETTLE AFTER PACKAGING" from the back of the box to the front.

The record supports the district court's determination that these labeling changes were not "the primary relief" that Gordon sought in this case. *Tipton-Whittingham*, 101 P.3d at 177. Gordon's theory of the case was that the size of the box was itself misleading, and that Tootsie Roll should either "fill the Products' box with more candy to account for the size of the box . . . or shrink the box to accurately represent the amount of the candy product therein." Tootsie Roll did not make either of these changes.

While Tootsie Roll did make changes to the product labeling, Gordon throughout this case expressly disclaimed that product labeling would address her concerns. In pre-litigation correspondence, Gordon stated that "net weight and servings disclosures are simply irrelevant to the issue here, which is the presence of

3

non-functional slack-fill and nothing else." In her original complaint, Gordon alleged that the majority of "'consumers don't even bother to look at any label information.'" When Tootsie Roll moved to dismiss the complaint and cited the disclosures on its products, Gordon deemed the disclosures a "red herring." In another submission, Gordon maintained that "information provided on the front and back labels of [the] Products does not enable consumers to form any meaningful understanding about how to gauge the quantity of contents contained therein relative to the size of the box itself." Gordon made other similar statements at other points during the litigation. The district court thus did not abuse its discretion in denying "catalyst" fees when Gordon repeatedly rejected product labeling as a solution to the alleged problem.[1]

2. Gordon takes issue with the district court's dismissal of the case for lack of prosecution, which occurred after neither party attended a pretrial conference that the district court erroneously held even though it previously had been rescheduled. But on appeal, Gordon argues for a remand "solely" to allow the district court to award her attorneys' fees and costs. Because we conclude that the

---

[1] Gordon also moved for attorneys' fees under the California Legal Remedies Act (CLRA). *See* Cal. Civil Code § 1780(e). But her basis for seeking fees under the CLRA is the same as that under California Civil Procedure Code § 1021.5 and so fails for the reasons stated above. We also deny Gordon's motion to certify the attorneys' fees question to the California Supreme Court.

district court did not err in denying fees to Gordon and there is otherwise nothing left to be litigated, there is no reason to remand this case.

3. Upon dismissing the case, the district court awarded Tootsie Roll $5,129.40 in costs under Federal Rule of Civil Procedure 54(d)(1), which provides that costs "should be allowed to the prevailing party." This amount was lower than what Tootsie Roll sought ($10,709.54) and lower than the amount Gordon originally argued should be awarded ($5,782.26) if costs were to be awarded to Tootsie Roll. We have found an award of costs to constitute an abuse of discretion in only "limited circumstances." *Draper*, 836 F.3d at 1088. Gordon has not established an abuse of discretion here.

**AFFIRMED**.